UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN BARTHELEMESS DELAUNE                  CIVIL ACTION

VERSUS                                                                      NO. 12-2727

DR. DICKEY HAYDEL, ET AL.                       SECTION "A"(1)

**REPORT AND RECOMMENDATION**

Plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Dr. Richard Haydel (identified in the complaint as "Dr. Dickey Haydel"), Kelly Hicks, Richard Neal (identified in the complaint as "Richard Neil"), and the Terrebonne Parish Consolidated Government Medical Department. In the complaint, plaintiff claimed that he was not receiving proper medical care at the Terrebonne Parish Criminal Justice Complex where he was confined as a pretrial detainee. Plaintiff has since been released from detention.

The defendants filed a motion to dismiss and for a more definite statement.[1] Upon reviewing that motion and plaintiff's opposition,[2] the undersigned noted that one of the primary defenses raised by the defendants was that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Because that issue is more appropriately considered in the context of a motion for summary judgment, the undersigned converted the motion to one for summary judgment and directed the

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 27.

defendants to supplement their motion to include copies of (1) all of plaintiff's grievance records, including all appeals, if any, and (2) the facility's applicable administrative grievance procedure.[3] The defendants complied with that order.[4] Plaintiff thereafter filed a supplemental opposition,[5] the defendants filed a reply to that opposition,[6] and plaintiff countered with a further reply.[7]

The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).

As noted, the defendants argue in their motion that plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995

---

[3] Rec. Doc. 28.

[4] Rec. Doc. 31.

[5] Rec. Doc. 44.

[6] Rec. Doc. 47.

[7] Rec. Doc. 48.

("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[8] At the time plaintiff filed this lawsuit, he was confined at the Terrebonne Parish Criminal Justice Complex.[9] Because he was incarcerated at the time he filed suit, the exhaustion requirement applies despite the fact that he was subsequently released. See, e.g., Williams v. Henagan, 595 F.3d 610, 619 (5th Cir. 2010); Cox v. Mayer, 332 F.3d 422 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3rd Cir. 2002); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002); Harris v. Garner, 216 F.3d 970, 978-79 (11th Cir. 2000).

Federal courts take a strict approach to the exhaustion requirement. For example, the United States Supreme Court expressly held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought,

---

[8] That provision applies to pretrial detainees. 42 U.S.C. § 1997e(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

[9] Rec. Doc. 1, p. 3.

and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

In support of their motion, the defendants submitted a copy of the Administrative Remedy Procedure ("ARP") in place at the Terrebonne Parish Criminal Justice Complex ("TPCJC") and available for use by all inmates housed therein.[10] An inmate initiates the ARP by completing a grievance and giving it to the Grievance Officer. At Step One of the ARP, the Grievance Officer has twenty days to respond to the grievance.[11] If the inmate is not satisfied with the Step One response, he may request Step Two review within five days. A Step Two response will be provided to the inmate within twenty-five days. If the inmate is not satisfied with the Step Two response, he may request Step Three review within five days. A Step Three response will be provided to the inmate within forty days.[12]

The record reflects that plaintiff filed numerous grievances concerning various matters while incarcerated within the TPCJC.[13] The defendants note, however, that he failed to pursue any of those grievances past the first step of the ARP. Plaintiff does not dispute that fact, but offers various excuses for that failure. However, the United States Fifth Circuit Court of Appeals has made clear that *"[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. ...* Pre-filing exhaustion is *mandatory*, and

---

[10] Rec. Doc. 31-1, p. 14.

[11] Rec. Doc. 31-1, p. 22.

[12] Rec. Doc. 31-1, p. 23.

[13] Rec. Doc. 31-1, pp. 1-13.

4

the case *must* be dismissed if available administrative remedies were not exhausted." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added).

In any event, if the Court were able to excuse a failure to exhaust, it would be inappropriate to do so here because the excuses plaintiff proffers are plainly frivolous.

For example, plaintiff contends that exhaustion should be excused because he was too physically and mentally impaired to exhaust his grievances, and, despite his impairments, prison officials offered him no assistance with the ARP. However, even without such assistance, plaintiff was physically able to submit first-step grievances and in fact did so repeatedly. Moreover, those grievances were not muddled, irrational, patently delusional, or in any way indicative that he was suffering from a mental impairment which adversely affected his ability to pursue relief. In light of the fact that he was physically able and sufficiently lucid to submit first-step grievances, his contention that he was too impaired to proceed to the second and third steps of the ARP lacks merit. Cf. Ferrington v. Louisiana Department of Corrections, 315 F.3d 529, 532 (5th Cir. 2002) (concluding that plaintiff's blindness did not prevent him from filing a timely grievance given that he filed a civil rights complaint, appealed the results of a disciplinary hearing, and filed unrelated grievances).

Plaintiff also contends that the defendants have failed to prove that he was on notice that there were additional steps to the ARP. However, the very forms which plaintiff used to file his grievances included a section where he was to circle whether he was submitting a first, second, or third-step grievance, as well as an additional section stating: "( ) STEP TWO/THREE ONLY Check here if you are not satisfied with the decision or answer given in previous step and wish to

5

appeal to next authority." Therefore, his contention that he had no notice of the fact that there were steps beyond the first step is not credible. Further, in any event, the United States Fifth Circuit Court of Appeals has held that a prisoner's alleged ignorance of the proper grievance procedure does not excuse a failure to exhaust. Simkins v. Bridges, 350 Fed. App'x 952, 953 (5th Cir. 2009); Aguirre v. Dyer, 233 Fed. App'x 365, 366 (5th Cir. 2007); see also Plaisance v. Cain, 374 Fed. App'x 560, 561 (5th Cir. 2010).

Plaintiff next contends that exhaustion was not required because he was informed that the facility simply could not meet his medical needs. As the defendants opine, he appears to be arguing that it would therefore have been futile for him to pursue a grievance through all three steps of the ARP. However, as the defendant correctly note, there is no futility exception to the mandatory exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Bonner v. Williams, No. 02-41570, 2003WL 21141142 (5th Cir. Apr. 23, 2003).

In summary, it is undisputed that plaintiff did not pursue his instant claims through all three steps of the ARP. Therefore, he failed to comply with the mandatory exhaustion requirement imposed by federal law. As the United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). As a result, administrative remedies are not exhausted unless a prisoner pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); see also Hemphill v. Inglese, 359 Fed. App'x 537, 540 (5th Cir. 2010)

("[C]omplying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps."). Plaintiff clearly did not do so.

This Court is aware that prisoners who submit administrative grievances at times have their efforts frustrated by unhelpful and unresponsive prison officials, although the Court expresses no opinion as to whether such a situation was present in this matter. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to circumvent available administrative procedures by proceeding directly to federal court, the goals and benefits of the exhaustion requirement would be undermined. As the United States Supreme Court noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Because plaintiff failed to pursue his administrative remedies to their conclusion, thereby giving the defendants a fair opportunity to consider and possibly resolve his claims without litigation, it is not appropriate for this Court to consider those claims.[14]

---

[14] Because plaintiff failed to exhaust his administrative remedies, the alternative grounds argued by the defendants in their motion need not be addressed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the defendants' motion, Rec. Docs. 21 and 31, be **GRANTED** and that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this twenty-third day of September, 2013.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.