UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN BARTHELEMESS DELAUNE                                       CIVIL ACTION

VERSUS                                                                            NO: 12-2727

DR. DICKY HAYDEL, ET AL.                                          SECTION: "A" (1)

### ORDER

Before the Court is a Motion for Reconsideration of the Order Adopting the Report and

Recommendation of the United States Magistrate Judge and Judgment Dismissing Plaintiff's

Action (Rec. Doc. 55) filed by Plaintiff Alvin Barthelemess Delaune.  Defendants Dr. Dicky

Haydel, *et al.*, oppose the motion.  The motion, scheduled for submission on December 4, 2013,

is before the Court on the briefs without oral argument.  For the reasons that follow, Plaintiff's

motion is **DENIED**.

### I. Background

On November 8, 2012, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983

against Dr. Richard Haydel, Kelly Hicks, Richard Neal, and the Terrebonne Parish Consolidated

Government Medical Department.  In the complaint, Plaintiff claimed to have not been provided

proper medical care at the Terrebonne Parish Criminal Justice Complex where he had been

confined since October 1, 2011.

On September 23, 2013, the magistrate judge issued a report and recommendation (Rec.

Doc. 49) in this matter, recommending that summary judgment be granted in favor of Defendants

and that Plaintiff's claims be dismissed without prejudice due to his failure to exhaust his

administrative remedies prior to filing suit.  Plaintiff did not object to the magistrate judge's

report and recommendation within the fourteen day period for doing so.  On October 9, 2013, the

Court entered judgment adopting the report and recommendations of the magistrate judge,

dismissing Plaintiff's complaint without prejudice (Rec. Docs. 50 & 51).

In the instant motion, Plaintiff requests reconsideration of the Court's ruling pursuant to

Federal Rules of Civil Procedure Rule 60(b).  Specifically, Plaintiff argues that his failure to file

an objection to the Magistrate Judge's Report and Recommendation constituted excusable

neglect pursuant to Rule 60(b)(1).  In addition, Plaintiff argues that relief is warranted under

Rule 60(b)(6) because the Court erred in dismissing his claim for failure to exhaust his

administrative remedies.

The Court notes that Plaintiff filed the instant motion after filing an appeal with the

United States Fifth Circuit Court of Appeals (Rec. Doc. 56).  This appeal remains pending.

Under these circumstances, the Court's jurisdiction with regard to Plaintiff's motion is governed

by Federal Rules of Civil Procedure Rule 62.1, which gives the Court the authority to deny

Plaintiff's motion notwithstanding the pending appeal.

## II. Rule 60(b)(1)

Under 60(b)(1), the Court may relieve a party from a final judgment for "mistake,

inadvertence, surprise, or excusable neglect."[1]  These terms are "not wholly open-ended."[2]

"Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the

---

[1]Fed. R. Civ. Pro. R. 60.

[2]*Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

movant make a sufficient showing of unusual or unique circumstances justifying such relief."[3]

Ignorance of the rules, ignorance of the laws, and gross carelessness are all grounds insufficient

for obtaining relief under this rule.[4]

Plaintiff contends that his neglect in missing the deadline to object to the magistrate

judge's report and recommendation was excusable and inadvertent.  Plaintiff testifies via

affidavit that he received the magistrate judge's report several days after it was issued and that he

lacked full understanding of how to calculate the fourteen day period for objecting.  Plaintiff also

argues that his mental illness contributed to his confusion on how to timely object.  Further,

Plaintiff contends that he received the report at a time when he had recently lost the assistance of

his jailhouse counsel and was actively searching for legal representation.  Plaintiff urges the

Court to take into account all relevant circumstances surrounding his omission.

Defendants argue there are no grounds for reconsideration based on excusable neglect or

inadvertence.  Defendants contend that Plaintiff's claims of ignorance or illness do not meet the

high standard for relief under Rule 60(b) and there are not sufficient grounds for justifying relief.

The Court finds that the Plaintiff has not shown sufficient grounds for relief under Rule

60(b)(1).  The debilitating physical problems and schizophrenia that Plaintiff claims to have

suffered from are insufficient to excuse his failure to adhere to the objection time frame given in

the magistrate judge's report.  The Court previously adopted the magistrate judge's finding that

the documents Plaintiff submitted to the prison did not indicate that he was suffering from any

---

[3]*Id.* at 286.

[4]*Id.* at 287.

mental impairment which adversely affected his ability to pursue relief.  Plaintiff's argument of

confusion in calculating the relevant time for objecting is nothing more than ignorance, which

the Fifth Circuit has expressly qualified as insufficient grounds for relief under Rule 60(b)(1).

### III. Rule 60(b)(6)

Under 60(b)(6), the Court may relieve a party from a final judgment "for any other reason

that justifies relief."[5]  This provision of Rule 60 is "a grand reservoir of equitable power to do

justice in a particular case."[6]  "However, the court's discretion under this provision is bound by

the purpose of the rule generally and is appropriate only in unique or unusual circumstances."[7]

Plaintiff contends that he should be relieved from the judgment under Rule 60(b)(6)

because the decision to dismiss his action for failure to exhaust administrative remedies was in

error, as he should have been excused from the exhaustion requirement.  Plaintiff asserts the

following reasons as to why his failure to exhaust administrative remedies should have been

excused: the prison's administrative grievance process was not available to him; he was deprived

of the ability to use the grievance process; and summary judgment was not appropriate,

considering his claims and evidence of denial of access to and use of the grievance process.

The Fifth Circuit has held that "[d]istrict courts have no discretion to excuse a prisoner's

---

[5]Fed. R. Civ. Pro. R. 60.

[6]*Borne v. River Parishes Hosp., L.L.C.*, 2013 WL 5977133 (5th Cir. Apr. 22, 2013) (*citing Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)).

[7]*Id.* (*citing Williams v. Brown & Root, Inc.*, 828 F.2d 325, 329 (5th Cir. 1987)) (internal quotations omitted).

4

failure to properly exhaust the prison grievance process before filing their complaint."[8]

"Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."[9]

The arguments Plaintiff raised as to why he should not have been required to exhaust his administrative remedies are those same arguments considered and struck down in the magistrate judge's report and recommendation, which the Court adopted as its ruling.  The Court finds that Plaintiff's arguments are insufficient to overcome the Fifth Circuit's strict approach to the exhaustion requirement.  Plaintiff has failed to show unique or unusual circumstances for relief from the Court's prior judgment under Rule 60(b)(6).

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of the Order Adopting the Report and Recommendation of the United States Magistrate Judge and Judgment Dismissing Plaintiff's Action (Rec. Doc. 55) is **DENIED**.

New Orleans, Louisiana, December 19, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[8]*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

[9]*Id.*